RANSOME J. BROWN ET AL., APPELLEES, v. NILE VALLEY BUILDING AND LOAN ASSOCIATION, A CORPORATION, ET AL., APPELLANTS.

175 N. W. 2d 297

Filed March 13, 1970. No. 37369.

Van Steenberg, Winner & Wood and Herman & Herman, for appellants.

Wright, Simmons & Hancock, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant savings and loan associations, which we treat as one, held withdrawable savings deposited by plaintiff Ransome J. Brown on January 2, 1953. A jury, in effect, found the total deposit to be $15,000. On appeal, defendant assigns for error a jury instruction that business records cannot prove absence of an entry. Plaintiffs, without cenceding error, argue that under correct instructions no reasonable jury could fail to find for them.

Our summary of Ransome's testimony begins with January 2, 1953, when he visited defendant's office twice. In the morning he opened a joint tenancy account in plaintiffs' names by depositing $8,500—a $2,000 certificate of a Colorado association and $6,500 cash accumulated at home over many years. A passbook, exhibit 2, was delivered to him. In the afternoon he acquired a second passbook when he opened an individual account by depositing $6,500 in checks. During 1954, prior to October 8, he made three withdrawals which totaled $4,900. When he returned on October 8 to withdraw $1,000, defendant substituted a passbook, exhibit 1, for the passbook issued the afternoon of January 2, 1953. Defendant informed Ransome that the original passbook omitted an entry of deposit of $2,000 on January 7, 1953. The item represented proceeds of the Colorado certificate, Ransome's deposits during the period totaling $15,000.

A former employee of defendant testified to issuance of the duplicate passbook October 8, 1954, on Ransome's signed statement of loss of the original. The written statement could not be found, although copies of deposit slips and the transmittal letter to the Colorado association were preserved.

The duplicate passbook specifies Ransome's name alone, account No. "36-B" on the cover, and account No. 36 on the inside certificate. It lists two deposits and the three withdrawals prior to October 8, 1954; deposits of $6,500 on January 2, 1953, and $2,000 on January 7, 1953;

and withdrawals on January 21, August 11, and September 2, all in 1954. In contrast, original passbook, exhibit 2, designates account No. 36 in joint tenancy of plaintiffs. It discloses a deposit of $8,500 on January 2, 1953, an $8,500 balance, and no other entry. Entries then were made manually and not mechanically. The practice of making machine entries in defendant's records and passbooks simultaneously was not yet in effect.

Search of defendant's records turned up the loose-leaf journal for January 2-10, 1953, and the loose-leaf ledger with only one account carrying Ransome's name. The ledger sets out plaintiffs' joint tenancy and account No. 36 followed by a pencilled "B." Journal and ledger entries of deposits and withdrawals to October 8, 1954, correspond with the duplicate passbook.

Defendant, whose accounts on January 1, 1953, numbered 86, ordinarily made a maximum of one deposit a banking day. Its deposit slip containing a printed "30" and the date January 2, a Friday, lists $6,500 in checks pertaining to Ransome, and $100 in currency. Another deposit slip containing a printed "33" and the date, January 8, lists the Colorado association's check for $2,000.

Instruction No. 9 told the jury that certain exhibits were in evidence and for jury consideration only in respect to affirmative entries: "These exhibits were not admitted, and cannot be considered by you, as evidence that something which is not shown upon them did not occur."

Courts differ on admissibility of business records to prove absence of an entry. We adopt this rule: A regular business record not mentioning a matter that would ordinarily appear on it is admissible evidence of nonexistence of the matter. See, Proposed Rules of Evidence for United States District Courts and Magistrates, § 8-03 (7) and Advisory Committee note, p. 174 (Prel. Dr., 1969); McCormick on Evidence, § 289, p. 609 (1954); V Wigmore on Evidence, § 1531, p. 392 (3d. Ed., 1940). Instruction No. 9 was erroneous.

Plaintiffs point out that defendant's position seems irreconcilable with the single entry of $8,500 on January 2, 1953, in original passbook exhibit 2. They ask why the three withdrawals prior to October 8, 1954, do not appear in that exhibit. The record gives no ready answer. On the other hand, the two passbooks in evidence set out deposits in January 1953, totaling $17,000, an undisputed inaccuracy. We conclude that plaintiff's contention concerning harmless error in the jury instruction is not well taken.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.